Jesús Trujillo Lange et ux., Plaintiffs and Appellants, v.
José López Fernández, Defendant and Appellee.

No. 6706.  Argued February 13, 1935.—Decided December 24, 1935.

José Sabater for appellants.   J. Alemañy Sosa for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Thinking they had a right thereto, the appellants filed a suit to abate a nuisance which was entitled in injunction. Judgment with costs was rendered for the defendant and the plaintiff appealed to this court which affirmed the judgment. 45 P.R.R. 791. When the case went back the successful defendant filed a memorandum of costs which with some reduction was allowed in the sum of $1,000 by the District Court of Mayagüez.  On appeal the appellant assigns three errors as follows:

"*First.*—That the lower court erred in permitting oral testimony to prove the reasonable value of the services rendered by the defendant's attorney in basing its award on that testimony.

"*Second.*—That the lower court erred in not founding its decision principally on the question of the degree of blame of the appellants.

"*Third.*—That the lower court erred in failing to consider the special circumstances of this case, the purpose of the appellants' action, and in fixing an excessive amount of attorney's fees as a penalty to the appellants."

It has been such a common practice for the courts here and elsewhere to permit the testimony of lawyers as

experts to prove the value of the services rendered by an attorney that we may take it as established law based on such custom. Similar testimony was allowed in the following cases: *Luce & Co., S. en C.* v. *Cintrón*, 42 P.R.R. 921; *Lawton* v. *Carrión*, 43 P.R.R. 556.

■ With respect to the second assignment of error, the important proviso of section 327 of the Code of Civil Procedure, as amended in 1908, contains the following words:

". . . *And provided, further*, that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, the degree of blame, if any, of the party against whom judgment is rendered to be considered."

This was amended in 1917 to read in this manner:

". . . *And provided, further*, that the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering *also* the degree of blame, if any, of the party against whom judgment is rendered." (Underscoring ours.)

Thus it appears that the Legislature in 1917, in words left much to the discretion of the court but suggested also that the degree of blame should be taken into consideration, as we hold it should. As the proviso originally stood we think the discretion of the court was the principal element in fixing the amount of fees to be allowed. To the effect that the discretion of the court plays the principal role reference may be had to the following cases: *Del Toro* v. *Juncos Central Co.*, 43 P.R.R. 613; *Valcourt* v. *Torres*, 44 P.R.R. 88; *García* v. *Aguayo*, 46 P.R.R. 329.

In regard to the third assignment of error, we are far from being convinced that the court did not take into consideration the special circumstances of the case. Of course, we have frequently decided that the really opportune moment to question the imposition of costs is on the appeal from the judgment. It would, therefore, be difficult to say, in any case, that the court in fixing the amount of fees did not consider the special circumstances thereof.

■ Perhaps more important than the foregoing is the fact that the appellant resorted to the extraordinary writ of injunction to abate a nuisance. Before he does this, a plaintiff should be exceedingly sure of his ground if he would avoid being ultimately mulcted in costs and fees. A defendant should not be vexed with a suit merely because a plaintiff has some idea that he or the City of Mayagüez has a title to the property. It does not seriously affect the question that the defendants to make their title clear have begun a dominion title proceeding. We do not find that the amount allowed is excessive.

The order determining costs should be affirmed.